IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| JOY BRADEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 24-cv-02803-TLP-tmp |
| ) | |
| FELDER SERVICE, ) | |
| ) | |
| Defendant. ) | |

---

**ORDER TRANSFERRING CASE TO NORTHERN DISTRICT OF MISSISSIPPI**

---

Before the court is *pro se* plaintiff Joy Braden's amended complaint against defendant Felder Services, LLC ("Felder"),[1] filed on October 29, 2024.[2] (ECF No. 8.) On October 31, 2024, the undersigned granted Braden leave to proceed *in forma pauperis* and directed the U.S. Marshal to serve process on Braden's behalf. (ECF Nos. 9, 10.) For the reasons below, pursuant to 28 U.S.C. § 1406 it is ORDERED that the case be transferred to the U.S. District Court for the Northern District of Mississippi.

Using the standard form provided by the clerk's office to assist *pro se* litigants, Braden alleges sex discrimination in

---

[1]Felder explains that Braden misidentified the company as Felder Service in her complaint. (ECF No. 12.)

[2]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*[3] (ECF No. 8) Relevant here, Braden indicated that she resides at 5258 Johns River Rd., Memphis, TN 38116, within the Western District of Tennessee. (Id. at PageID 19.) She provided two addresses for Felder, one in Southaven, Mississippi, within the Northern District of Mississippi, and one in Mobile, Alabama, within the Southern District of Alabama. (Id. at PageID 19-20.) The allegations in the complaint all relate to Braden's employment at DeSoto Healthcare in the Northern District of Mississippi. (Id. at PageID 21-23.)

Felder filed its motion to dismiss and memorandum in support on November 26, 2024. (ECF Nos. 12, 13.) Felder argues that the complaint should be dismissed because venue is improper in the Western District of Tennessee.[4] (Id.) However, "Felder avers that proper venue would lie in either the Northern District of Mississippi or the Southern District of Alabama" should the court

---

[3]In her complaint, Braden alleges that she experienced sexual harassment, but she did not check the box indicating she was bringing a claim for "Gender/Sex" discrimination. (ECF No. 8 at PageID 20-21.) However, it is well settled that sexual harassment is actionable as sex-based discrimination under Title VII. See generally Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57 (1986) (establishing that sexual harassment is actionable under Title VII).

[4]Alternatively, Felder argues that the court lacks personal jurisdiction. (ECF Nos. 12, 13.) Because transfer to the Northern District of Mississippi is appropriate, the court will transfer the case.

decide that transfer of venue is in the best interest of justice. (ECF No. 13 at PageID 42.) Felder explains that Braden was employed by Felder at DeSoto Healthcare in Southaven, Mississippi, for which Felder provides contract cleaning services, and that Felder's principal and sole office location is in Mobile, Alabama. (Id. at PageID 41.)

28 U.S.C. 1406 provides that: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Title VII provides that:

> an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, . . . .

42 U.S.C. § 2000e-5(f)(3). Here, it appears that venue is proper in the Northern District of Mississippi because all the allegations in Braden's complaint occurred within that district. Accordingly, pursuant to 28 U.S.C. § 1406(a), the undersigned *sua sponte* finds that it is in the best interest of justice to transfer the case to the Northern District of Mississippi.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 18, 2024
Date